IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL OSHEY WILLIAMS and JOHN WILLIE MCRAE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CV 323-038 |
| SHERIFF SIM DAVIDSON, | ) ) ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, currently detained at Telfair County Jail in Milan, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and filed a joint a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

**I.   Background**

Plaintiffs commenced this case by submitting a form complaint signed by both to the Clerk of Court in the Southern District of Georgia. (Doc. no. 1.) Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 against Defendant, the Sheriff of Telfair County, regarding Plaintiffs' treatment at Telfair County Jail as pretrial detainees. Plaintiffs submitted one IFP motion, signed by both, and no filing fee has been paid. (Doc. no. 2.)

**II.   Discussion**

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d

1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation."  Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP.  Id. at 1198.  The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'"  Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)); see also Gandy v. Bryson, 799 F. App'x 790 (11th Cir. 2020) (confirming requirement each prisoner pay fee).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA.  Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."  Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ."  Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance."  Id.  However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.

**III.   Conclusion**

In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in two new

lawsuits, with the same filing dates and two separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiffs' motion to proceed IFP in each. Upon opening of the two new cases, each Plaintiff should have twenty-one days to submit a new complaint using the standard complaint form detailing only their individual claims against Defendant. Each Plaintiff should also be required to submit an individualized motion to proceed IFP on the standard form within the same twenty-one day period.

SO REPORTED and RECOMMENDED this 10th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA